ORIGINAL

NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 4 2005

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER C. ADIEMEREONWU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:04-CV-2072-M |
| v. | § | |
| | § | |
| ALBERTO GONZALES, U.S. Attorney | § | |
| General, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On May 19, 2005, United States Magistrate Judge Wm. F. Sanderson, Jr. made Findings,

Conclusions and a Recommendation in this case.  Plaintiff filed objections, and the District Court

has made a *de novo* review of those portions of the proposed Findings, Conclusions and

Recommendation to which objection was made.  The objections are overruled, and the Court

accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

The Court elaborates on one issue, and that is whether Plaintiff's N–336 form, requesting

a hearing on a decision in naturalization proceedings, was properly filed, without a fee.  This

Court has jurisdiction under 8 U.S.C. § 1421(c) to conduct a *de novo* judicial review of the denial

of a naturalization application, assuming the applicant exhausted his administrative remedies.

Plaintiff may have exhausted his administrative remedies if he properly filed and pursued a Form

N–336.  In this case, he filed a Form N–336, but did not pay the filing fee.  He claims to be

exempt from paying a fee due to his prior military service.  This Court disagrees that Plaintiff is

exempt from a fee, finding no exception for veterans to payment of a fee for the filing of a Form

1

N–336, as contrasted with the exception for veterans for payment of a fee for filing a petition for naturalization which is done by Form N–400. *See* 8 U.S.C. § 1440, § 329(b)(4); *see also* 8 C.F.R. 103.7(b) (referring to no fee requirement for veterans for Form N–400 , without a similar exception for Form N–336). Petitioner sought a fee waiver, but that waiver was denied, and Petitioner never tendered a fee. Thus, his N–336 form was not properly filed. Filing of a proper N–336 form is, in this Court's view, necessary to exhaust administrative remedies, which is a prerequisite for this Court's jurisdiction under 8 U.S.C. § 1421(c). In light of that determination, Plaintiff's Motion to Stay Deportation pending the Court's determination of this case is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel and for Default Judgment, filed on December 22, 2004, are **DENIED** as moot.

SO ORDERED this _14_ day of _July_, 2005.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE